UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

RALPH ELIEN

    Plaintiff

v.

DIVERSIFIED CONSULTANTS INC.

    Defendant

_____/

## COMPLAINT

### JURISDICTION AND PARTIES

1. This is an action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et. seq. and the Florida Consumer Collection Practices Act, (FCCPA) Fla. Stat. §559.55 et. seq.

2. This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. §1692k(d).

3. Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendant transacts business in this district, and the events which give rise to this complaint occurred in this district.

4. Plaintiff, RALPH ELIEN, is a natural person residing at all relevant times in Broward County, Florida.

5. Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

6. Plaintiff is a consumer as defined by Fla. Stat. §559.55(2)

7. Defendant DIVERESIFIED CONSULTANTS INC ("DIVERSIFIED") is a Florida Corporation with its principle place of business in Jacksonville, Florida and is in

1

the business of collecting consumer debts for which it uses the mails and phone, and transacts business on a regular basis collecting consumer debts, and which regularly transacts business in, and attempts to collect consumer debts in Broward County, Florida. This includes, but is not limited to, calling and mailing Broward County consumers to collect debts, and offering online web portal payment options through its website to Broward County consumers.

8. Defendant regularly collects debts, with a website that touts its acumen as collection professionals nationwide. Defendant is thus a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

9. Furthermore, Defendant is a "debt collector" as defined by Fla. Stat. §559.55(7), or is otherwise a person or entity obligated to comply with the provisions of Fla. Stat. §559.72.

## FACTS

10. The debt which Defendant sought to collect which gives rise to the allegations herein, was related to personal, family and household goods and items, specifically a Verizon Wireless account, and is a consumer debt as defined by 15 U.S.C. §1692a(5) and Fla. Stat. §559.55 (6).

11. On August 26, 2015, during a telephone conversation with an agent of the Defendant, Plaintiff informed an agent of Defendant that he did not know how the debt reached its total, and would like to dispute the debt, given he did not agree with the total amounts owed on the account.

12. In response, multiple agents of the Defendant (in the same phone call) informed the Plaintiff that the Defendant could not accept Plaintiff's dispute, because Plaintiff's disagreement with the amount owed was not a sufficient basis to dispute a debt.

13. Defendant's agents further informed Plaintiff that before Defendant would mark the account in dispute (or otherwise recognize the Plaintiff's request), that Plaintiff would have to send documentation of the dispute to Defendant. However, regardless of what was sent, Defendant made clear to the Plaintiff that any dispute which simply involved a dispute or disagreement with the balance owed, would not constitute a valid dispute.

14. Additionally, Defendant's agent(s) stated and/or insinuated and or used language to the effect that Plaintiff simply did not want to pay the amount allegedly due and owing, and that this was the reason Plaintiff was disputing the debt.

15. In fact, all of the above statements by Defendant's agent were false and misleading. 15 U.S.C. §1692e(8), states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed.*" [emphasis added]

16. Thus, under Section e(8), a debt collector must communicate that a debt is disputed the next time it reports the debt to a credit agency if a consumer disputes the debt. Contrary to Defendant's agent's assertion to Plaintiff, the request need not be in writing, a debt collector is not relieved of its obligations under the FDCPA because a

consumer disagrees with the amount owed and a debt collector may not condition its obligations on the reason given by the consumer for disputing.

17. In fact, although Section e(8) of the FDCPA does not require that a consumer provide any reason for disputing a debt, contrary to Defendant's numerous statements to Plaintiff, a disagreement over the amount owed is a common reason why a consumer may dispute a debt. Defendant's assertions that a debt cannot be disputed simply because a consumer doesn't agree with the amount owed, is therefore completely incorrect, false, and misleading.

18. The statements by Defendant's agent would mislead the least sophisticated consumer as to when and how he/she can dispute a debt. The least sophisticated consumer would be mislead into believing that even if he or he did not understand or agree with the amount being collected, that there is no right to have an account reported to consumer reporting agencies as in dispute by debt collectors.

19. Not only is this false and inaccurate as to the FDCPA, but the Fair Credit Reporting Act (FCRA) also requires the Defendant to report the dispute to credit agencies, regardless of whether the dispute is made in writing, and without the necessity of the consumer providing documentation of the dispute, or providing any reasons that "qualify" for having an account marked in dispute. 15 U.S.C. §1681s-2(a)(3).

20. By misrepresenting a consumer's rights under Section e(8) and the FCRA, a consumer is coerced into paying rather than disputing a debt just to preserve credit, even as to debts where the consumer may owe the debt, but be uncertain with or disagree with the amount that is claimed as owed. One court has stated that reporting to a credit

bureau is "a powerful tool designed in part to pressure consumers to keep to the payment terms of all their obligations." Rivera v. Bank One 145 F.R.D. 614 (D.P.R. 1993).

21. Thus, the misrepresentation discourages the consumer from utilizing a powerful and important right given to the consumer under the FDCPA with respect to the reporting of his or her debts to credit agencies. Here, the Defendant outright refused to even honor the Plaintiff's request at all, based on the Plaintiff's stated reason or disputing the account.

22. The misrepresentations herein are communications to collect a debt as defined, covered and protected by the FDCPA.

23. The actions by Defendant's agents herein were acting under the direction and employ of Defendant, as agents authorized to speak on behalf of Defendants and/or with the knowledge, consent and/or permission of the Defendant herein.

## COUNT I – VIOLATION OF THE FDCPA – 15 U.S.C. 1692e

24. Plaintiff realleges and reavers the allegations above as if fully set forth herein.

25. Plaintiff has used false, deceptive and misleading means to collect the debt, in violation of:

A) 15 U.S.C. §1692e by misrepresenting Defendant's legal obligations, misrepresenting Plaintiff's right to dispute the debt, misrepresenting how and when Plaintiff can dispute the debt, and by misrepresenting the Defendant's obligations to report debt as disputed, and refusing to do so, as further stated in Section e(8) and the FCRA, and as described above.

5

B)	15 U.S.C. §1692e(10) by misrepresenting Defendant's legal obligations, misrepresenting Plaintiff's right to dispute the debt, misrepresenting how and when Plaintiff can dispute the debt, and by misrepresenting the Defendant's obligations to report debt as disputed, and by refusing to do so, as further stated in Section e(8) and the FCRA and as described above.

26.	As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorney's fees.

27.	Plaintiff has retained the undersigned law firm and is indebted to same a reasonable attorney's fee for the bringing of this action.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C. §1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT II — VIOLATION OF THE FCCPA

28.	Plaintiff realleges and reavers paragraphs 1-22 as if fully set forth herein.

29.	Fla. Stat. §559.72(9) makes it a prohibited collection activity to:

**Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, *or assert the existence of some other legal right when such person knows that the right does not exist.*[emphasis added]**

6

30. Pursuant to Fla. Stat. §559.77(5), "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."

31. Defendant knowingly and intentionally misrepresented that it had the legal right to refuse to mark the account in dispute and report it as disputed the next time it was reported to a consumer reporting agency, because the Plaintiff disagreed with the amount allegedly owed. Defendant further knowingly and intentionally misrepresented that the Plaintiff would have to provide a reason, in writing, to dispute the debt, and represented that the reason would have to be for reasons other than disagreeing with the amount owed.

32. Defendants made the misrepresentations knowingly and intentionally, well aware that they would coerce Plaintiff into paying rather than disputing the debt. Defendants were aware that the harder it is for a consumer to dispute a debt the more likely it is the consumer simply pays, as an only option to preserve credit. In fact, the Defendant's statements that Plaintiff simply does not want to pay the debt, is a clear attempt to coerce payment, instead of properly complying with Plaintiff's request to have the debt marked as in dispute for the purpose of future credit reporting.

33. As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorney's fees.

34. The violations herein are intentional and knowing such that the Court should award additional statutory damages pursuant to Fla. Stat. §559.77(2).

35. Plaintiff has retained undersigned counsel and is indebted to same a reasonable attorney's fees in the prosecution of this action.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory and actual damages, as well as attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

## JURY TRIAL

Plaintiff requests a jury trial for all matters so triable as a matter of law.

DATED THIS 9 day of September 2015

Respectfully Submitted by:

JASON WEAVER PA

Jason Weaver esq
FBN 0392596
2750 N. 29 Ave Ste 120
Hollywood FL 33020
jason@jasonweaverpa.com
(954) 870-4090
Attorneys for Plaintiff